(No. 86-CC-3378–

JOYCE MOLITOR, Administrator of the Estate of Lawrence J. Molitor, deceased, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 2, 1987.*

FRANK G. SCHUBERT, for Claimant.

NEIL F. HARTIGAN, Attorney General (DANIEL H. BRENNAN, JR., Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This matter coming on before the Court upon the joint stipulation of the parties hereto and the Respondent's supplemental stipulation. This claim sounds in tort and is brought pursuant to section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.8(d)).

Claimant is the administrator of the estate of Lawrence J. Molitor, deceased, who was killed on or about February 20, 1986, while operating his motor vehicle on a public highway maintained by Respondent,

commonly known as the Hillsdale-Port Byron Road, .6 miles East of Port Byron, Rock Island County, Illinois.

We note that the parties hereto have agreed to a settlement of this claim, and that Respondent agrees to the entry of an award in favor of Claimant in the amount of fifty-seven thousand, five hundred and 00/100 dollars ($57,500.00).

The parties stipulate:

1. That on February 20, 1986, Lawrence J. Molitor, deceased, while operating his motor vehicle on a public highway maintained by respondent, commonly known as the Hillsdale-Port Byron Road .6 miles East of Port Byron, in Rock Island County, Illinois, hit a patch of ice on said roadway. The ice caused the deceased to lose control of his car, resulting in a collision with another vehicle, said accident causing decedent's death.

2. The public highway in question in this lawsuit, commonly known as the Hillsdale-Port Byron Road (hereinafter "the Road"), while under the maintenance jurisdiction of Respondent, was resurfaced with bituminous black-top along the entire length of the Road, including the area in question .6 miles East of Port Byron, in Rock Island County, Illinois.

3. That as a result of the aforementioned resurfacing, certain drainage channels along the outer curb-side edges of the Road were altered, pursuant to Respondent's specifications, thereby affecting the normal drainage of the Road.

4. While not stipulating that the aforementioned alteration of the Road was the primary, or sole

contributing factor in the underlying accident in this lawsuit, Respondent does admit that said alteration may have contributed to other factors which resulted in the aforesaid accident.

5. Respondent further stipulates that the deceased, Lawrence J. Molitor, was 16 years of age at the time of the underlying accident, and had a future life expectancy of approximately 56 years.

Based on the foregoing, Claimant, Joyce Molitor, as administrator of the estate of Lawrence J. Molitor, deceased, is hereby awarded the sum of fifty-seven thousand, five hundred and 00/100 dollars ($57,500.00) in full and final satisfaction of this claim.